FILED  1st JUDICIAL DISTRICT COURT
Rio Arriba County
12/14/2021 1:15 PM
KATHLEEN VIGIL CLERK OF THE COURT
Jorge Montes

**FIRST JUDICIAL DISTRICT COURT**
**COUNTY OF RIO ARRIBA**
**STATE OF NEW MEXICO**

**JUAN ANTONIO GUAJARDO LOPEZ,**
    **Plaintiff,**

                                        **No.** D-117-CV-2021-00428

**vs.**                                    Case assigned to Biedscheid, Bryan

**HARPREET SINGH and**
**EXCALIBUR TRUCKING, LLC**
    **Defendants.**

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PERSONAL INJURY DAMAGES

    **COMES NOW**, Plaintiff Juan Antonio Guajardo Lopez, by and through his attorneys of record FADDUOL, CLUFF, HARDY & CONAWAY, P.C. (Manuel H. Hernandez), and for cause of action herein over and against Defendants Harpreet Singh and Excalibur Trucking, LLC, and would respectfully show the Court as follows:

### I. PARTIES

    1.      Plaintiff is a resident of Espanola, Rio Arriba County, New Mexico.

    2.      Upon information and belief, Defendant Harpreet Singh is a resident of Yuba City, Sutter County, California, and may be served at: 887 Oxford Court, Yuba City, CA 95991, or wherever he may be found.

    3.      Defendant Excalibur Trucking, LLC is a foreign limited liability company doing business in the State of New Mexico. Defendant Excalibur Trucking, LLC may be served through its registered agent: Arun V. Sukesan, 1225 Maple Ave., Yuba City, CA 95991, or wherever it may be found.



## II. JURISDICTION AND VENUE

4.      The allegations of the preceding and succeeding paragraphs are incorporated herein by reference.

5.      This Court has jurisdiction of this cause of action because the events and occurrences giving rise to the injuries and damages suffered by Plaintiff occurred in the State of New Mexico.  Additionally, venue is proper in Rio Arriba County, New Mexico as said county is the place where Plaintiff resides.  NMSA 1978, § 38-3-1 (A) (2009).

## III.  GENERAL ALLEGATIONS

6.      The allegations of the preceding and succeeding paragraphs are incorporated herein by reference.

7.      On or about November 21, 2021, Defendant Harpreet Singh was operating a 2014 Freightliner owned by Defendant Excalibur Trucking, LLC.

8.      Plaintiff was traveling westbound on Interstate 40 in Grants, Cibola County, New Mexico. Defendant Singh was traveling at a high rate of speed and rear-ended Plaintiff's vehicle, dragging him and pushing him several feet onto the shoulder. Defendant Singh then over corrected and struck another 18-wheeler. Defendant Singh's vehicle came to rest on Interstate 40, approximately 20 yards north of the westbound lanes. Defendant Singh then exited his vehicle and fled the scene of the incident.

9.      As a result of this collision, Plaintiff sustained injuries.

## IV. ALLEGATIONS AGAINST DEFENDANT HARPREET SINGH

10.      The allegations of the preceding and succeeding paragraphs are incorporated herein by reference.

**Negligence**

11.     At all times relevant to the allegations of this Complaint, Defendant Harpreet Singh had a duty to act as a reasonable and prudent vehicle operator. Defendant Harpreet Singh breached this duty and was negligent.  Defendant Harpreet Singh's negligence includes, but is not limited to, the following acts and/or omissions:

      a.      Operating a vehicle in a reckless manner;

      b.      Operating a vehicle in a careless manner;

      c.      Driver inattention;

      d.      Leaving the scene of an incident;

      e.      Failure to render aid; and

      f.      Failure to give immediate notice of accident.

12.     Each of the above acts and/or omissions were singularly and/or cumulatively a proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

**Negligence *Per Se***

13.     Defendant Harpreet Singh has violated New Mexico Statute 66-8-113 by driving recklessly. Defendant Harpreet Singh has also violated New Mexico Statutes  66-7-201 and 66-7-203 by fleeing the scene of the incident and failing to stop and render aid. These sections proscribe certain actions and/or create a standard of conduct and Defendant Harpreet Singh's conduct represents an unexcused violation of these standard. Plaintiff belongs to the class of persons that this statutes was meant to protect, and the harm or injury is generally of the type these statutes seek to prevent.

**Punitive Damages**

14.    Defendant Harpreet Singh's acts and/or omissions described herein were malicious, willful, reckless, and/or wanton as those terms are defined by New Mexico law justifying an award of punitive damages. The acts and/or omissions described herein were committed by Defendant Harpreet Singh and as such, Plaintiff is entitled and should therefore recover a punitive damages award in an amount to be determined by a jury.

## V. ALLEGATIONS AGAINST DEFENDANT EXCALIBUR TRUCKING, LLC

15.    The allegations of the preceding and succeeding paragraphs are incorporated herein by reference.

### *Respondeat Superior*

16.    Defendant Excalibur Trucking, LLC, is vicariously liable for the damages proximately caused to Plaintiff by virtue of the negligent conduct of its employees. At all times relevant to the allegations contained in this Complaint, Defendant Harpreet Singh was acting within the course and scope of his employment and/or agency with Defendant Excalibur Trucking, LLC and was negligent.

17.    The negligence of Defendant Excalibur Trucking, LLC's employees, was the proximate cause of Plaintiff's injuries and damages. Therefore, Defendant Excalibur Trucking, LLC is vicariously liable to Plaintiff for the negligent acts and/or omissions of its employees, officers, and/or agents under theory of *respondeat superior.*

**Negligent Entrustment**

18.    Defendant Excalibur Trucking, LLC is further liable to Plaintiff for negligently entrusting a vehicle to Defendant Harpreet Singh.  At the time of the incident made the basis of this suit, Defendant Excalibur Trucking, LLC was the owner of the vehicle or in control of the

vehicle that caused Plaintiff's injuries.

19.    Defendant Excalibur Trucking, LLC entrusted its vehicle to Defendant Harpreet Singh.  Defendant Excalibur Trucking, LLC knew or should have known Defendant Harpreet Singh was an incompetent and/or reckless driver, and knew or should have known he was likely to use the vehicle in such a manner as to create an unreasonable risk of harm to others.

20.    Defendant Harpreet Singh, the driver of Defendant Excalibur Trucking, LLC's vehicle, was negligent in the operation of the vehicle and that negligence proximately caused the injuries sustained by Plaintiff.

**<u>Negligence</u>**

21.    At all relevant times to this cause of action, Defendant Excalibur Trucking, LLC had a duty to act as a reasonable and prudent employer and company. Defendant Excalibur Trucking, LLC breached this duty and was negligent. Defendant Excalibur Trucking, LLC's negligence includes, but is not limited to, the following acts and/or omissions:

a.    Hiring Defendant Harpreet Singh to be a driver;

b.    Failing to conduct a thorough and proper investigation into the record, background, and/or qualifications of Defendant Harpreet Singh;

c.    Retaining Defendant Harpreet Singh as a driver when it knew or should have known that he was incompetent and/or dangerous;

d.    Failing to adequately train and instruct Defendant Harpreet Singh as a driver of a company vehicle; and

e.    Failing to adequately supervise Defendant Harpreet Singh in the discharge of his duties as an operator of a company vehicle.

22.    Each of the above acts and/or omissions were singularly and/or cumulatively a

proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

**Punitive Damages**

23.     A corporation may be held liable for punitive damages for the misconduct of its employees. The actions of Defendant's employees, viewed in the aggregate, determine that Defendant had the requisite culpable mental state because of the cumulative conduct of the employees. *See Clay v. Ferrellgas, Inc.*, 1994-NMSC-080, ¶ 18, 118 N.M. 266. "The culpable mental state of the corporation, however, may be inferred from the very fact that one employee could be ignorant of the acts or omissions of other employees with potentially disastrous consequences." *Id.* ¶ 20. The totality of circumstances can indicate "a wanton or reckless disregard for the lives, safety or property of other persons." *Id.* ¶ 18; *See Coates v. Wal–Mart Stores, Inc.*, 1999–NMSC–013, ¶¶ 47–48, 127 N.M. 47 (the Court relied on *Clay*'s cumulative conduct theory in analyzing a jury's verdict and punitive future damage awards).

24.     Defendant Excalibur Trucking, LLC's acts and/or omissions described herein were malicious, willful, reckless, and/or wanton as those terms are defined by New Mexico law justifying an award of punitive damages.

25.     The acts and/or omissions described herein were committed by Defendant Excalibur Trucking, LLC's employees/agents possessing the requisite amount of authority such that Defendant Excalibur Trucking, LLC is directly and/or vicariously liable.

26.     Furthermore, Defendant Excalibur Trucking, LLC, is directly and/or vicariously liable for punitive damages based on the conduct of Defendant Harpreet Singh and/or its other agents, employees, officers, principals, and vice-principals.

27.     Defendant Harpreet Singh and/or its other agents, employees, officers, principals

and vice-principals were acting in the scope of their employment with Defendant Excalibur Trucking, LLC and had sufficient discretionary authority to speak and act for it with regard to the conduct at issue, independent of higher authority.

28.     Defendant Excalibur Trucking, LLC further authorized, participated in, or ratified the conduct of Defendant Harpreet Singh and/or its other agents, employees, officers, principals, and vice-principals.

29.     The malicious, willful, reckless and/or wanton conduct committed by Defendant Excalibur Trucking, LLC was pursuant to a pattern and practice involving various activities that constituted cumulative acts of punitive conduct.

## VI. DAMAGES

30.     The allegations of the preceding and succeeding paragraphs are incorporated herein by reference.

31.     As a result of the above-mentioned negligent acts of Defendants, Plaintiff sustained injuries and has suffered and will continue to suffer from great physical pain.

32.     As a result of the collision, Plaintiff has incurred and will continue to incur expenses for medical care, treatment and services, past, present, and future.

33.     As a result of the collision, Plaintiff has sustained physical pain and suffering, which still continues, and which will continue into the future.  As a result of such pain, Plaintiff has been precluded from many of her normal activities and has suffered loss of enjoyment of life.

34.     As a result of the collision, Plaintiff has suffered and will continue to suffer emotional pain and mental anguish.

35.     As a result of the collision, Plaintiff has suffered and will continue to suffer lost wages and loss of earning capacity

36.     Plaintiff is entitled to recover from Defendants compensatory and punitive damages in such amounts allowed by law and as determined by the fact finders in this case, as well as any and all such other damages or other relief available under New Mexico law as determined appropriate by the Court.

### VII. PRAYER FOR RELIEF

37.     WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants, and that the Court issues an order granting the following relief:

a.      Recovery of a reasonable monetary award or awards as compensatory damages, in amounts and to extent to be proven at trial;

b.      If the evidence permits, an award of punitive damages in an amount sufficient to deter future wrongful conduct of this nature;

c.      Pre-judgment and post-judgment interest thereon at the rate determined by law;

d.      Plaintiff's costs in the action; and

e.      Such other and further relief as the Court deems just and proper.

Respectfully submitted,

FADDUOL, CLUFF, HARDY & CONAWAY, P.C.
1931 E. 37th Street, Suite 1 & 2
Odessa, Texas 79762
Telephone: (432) 335-0399
Telecopier: (432) 335-0398

*/s/ Manuel H. Hernandez*
Manuel H. Hernandez
State Bar No.147375
mhernandez@fchclaw.com