IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUAN ANTONIO GUAJARDO LOPEZ,

    Plaintiff,

v.                                                              No. 1:22-cv-00036

HARPREET SINGH and                                JURY DEMANDED
EXCALIBUR TRUCKING, LLC

    Defendants.

### DEFENDANT EXCALIBUR TRUCKING, LLC'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PERSONAL INJURY DAMAGES

COMES NOW Defendant Excalibur Trucking, LLC ("Defendant"), by any through its counsel of record, **RILEY | KELLER | ALDERETE | GONZALES** (Mark J. Riley and Spirit Gaines), and respectfully submits this Answer to Plaintiff's Original Complaint for Personal Injury Damages ("Complaint" filed on December 14, 2021, in the First Judicial District Court of New Mexico).

### FIRST DEFENSE

The claims of the Plaintiff are barred in whole or part because Plaintiff fails to state a claim upon which relief can be granted and the Complaint should therefore be dismissed with prejudice as a matter of law.

### SECOND DEFENSE

Defendant Excalibur Trucking, LLC responds to the specific allegations of the Complaint as follows:

1. Answering the allegations stated in paragraph 1, this Defendant admits that Plaintiff is a resident of Española, Rio Arriba County, New Mexico.

2. Answering the allegations stated in paragraph 2, this Defendant admits that Defendant Harpreet Singh is a resident of Yuba City, Sutter County, California.

3. Answering the allegations stated in paragraph 3, this Defendant admits it is a foreign limited liability company organized under the laws of the State of California but otherwise lacks sufficient information at this time to form a belief as to the truth of the allegations stated in paragraph 3, and therefore denies those allegations and demands strict proof thereof.

4. Paragraph 4 is mere surplusage to which a response is not required.

5. This Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations stated in paragraph 5, and therefore denies those allegations and demands strict proof thereof.

6. Paragraph 6 is mere surplusage to which a response is not required.

7. Answering the allegations stated in paragraph 7, this Defendant admits on or about November 21, 2020, Defendant Harpreet Singh was operating a 2014 Freightliner owned by Defendant Excalibur Trucking, LLC.

8. The form of paragraph 8 violates the Federal Rules of Civil Procedure as it fails to contain a concise allegation and instead contains multiple allegations causing this Defendant to have to guess at its meaning, accordingly this Defendant denies the same. This Defendant admits that a motor vehicle accident occurred on I-40 westbound on or about November 21, 2021 near Grants, New Mexico involving a vehicle operated by Defendant Excalibur Trucking, LLC which said vehicle came to a rest on the northside of I-40 westbound after it struck Plaintiff's vehicle.

9. This Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations stated in paragraph 9, and therefore denies those allegations and demands strict proof thereof.

10. Paragraph 10 is mere surplusage to which a response is not required.

11. The form of paragraph 11, including subparagraphs a—f, violate the Federal Rules of Civil Procedure as it fails to contain a concise allegation and instead contains multiple allegations causing this Defendant to have to guess at its meaning, accordingly this Defendant denies the same.

12. This Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations stated in paragraph 12, and therefore denies those allegations and demands strict proof thereof.

13. The allegations as stated in paragraph 13 are directed to a defendant other than Defendant Excalibur Trucking, LLC for which no response is required. If otherwise held, then Defendant Excalibur Trucking, LLC denies those allegations and demands strict proof thereof.

14. The allegations as stated in paragraph 14 are directed to a defendant other than Defendant Excalibur Trucking, LLC for which no response is required. If otherwise held, then Defendant Excalibur Trucking, LLC denies those allegations and demands strict proof thereof.

15. Paragraph 15 is mere surplusage to which a response is not required.

16. Answering the allegations stated in paragraph 16, this Defendant acknowledges the law of respondeat superior, but otherwise lacks sufficient information at this time to form a belief as to the truth of the allegations stated in paragraph 16, and therefore denies those allegations and demands strict proof thereof.

17. Answering the allegations stated in paragraph 17, this Defendant admits that Defendant Harpreet Singh struck the vehicle operated by Plaintiff Juan Antonio Guajardo Lopez from the rear as alleged in paragraph 17.

18. Answering the allegations stated in paragraph 18, this Defendant admits that this Defendant operated the truck driven by Defendant Harpreet Singh as alleged in paragraph 18.

19. Answering the allegations stated in paragraph 19, this Defendant admits that this Defendant entrusted the vehicle to Defendant Harpreet Singh as alleged in paragraph 19.

20. This Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations stated in paragraph 20, and therefore denies those allegations and demands strict proof thereof.

21. This Defendant denies the allegations stated in paragraph 21, including subparagraphs a—e, as they are an invalid statement of the law.

22. This Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations stated in paragraph 22, and therefore denies those allegations and demands strict proof thereof.

23. This Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations stated in paragraph 23, and therefore denies those allegations and demands strict proof thereof.

24. This Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations stated in paragraph 24, and therefore denies those allegations and demands strict proof thereof.

25. This Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations stated in paragraph 25, and therefore denies those allegations and demands strict proof thereof.

26. This Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations stated in paragraph 26, and therefore denies those allegations and demands strict proof thereof.

27. This Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations stated in paragraph 27, and therefore denies those allegations and demands strict proof thereof.

28. This Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations stated in paragraph 28, and therefore denies those allegations and demands strict proof thereof.

29. This Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations stated in paragraph 29, and therefore denies those allegations and demands strict proof thereof.

30. Paragraph 30 is mere surplusage to which a response is not required.

31. This Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations stated in paragraph 31, and therefore denies those allegations and demands strict proof thereof.

32. This Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations stated in paragraph 32, and therefore denies those allegations and demands strict proof thereof.

33. This Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations stated in paragraph 33, and therefore denies those allegations and demands strict proof thereof.

34. This Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations stated in paragraph 34, and therefore denies those allegations and demands strict proof thereof.

35. This Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations stated in paragraph 35, and therefore denies those allegations and demands strict proof thereof.

36. This Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations stated in paragraph 36, and therefore denies those allegations and demands strict proof thereof.

37. This Defendant lacks sufficient information at this time to form a belief as to the truth of the allegations stated in paragraph 37, including subparagraphs a—e, and therefore denies those allegations and demands strict proof thereof.

### THIRD DEFENSE

Plaintiff has failed to mitigate his damages, and as a result his claims are barred or reduced in whole or in part.

### FOURTH DEFENSE

Plaintiff and/or other persons were negligent, and such negligence proximately caused some or all of Plaintiff's alleged damages, thereby precluding any recovery against this Defendant, or, in the alternative, proportionately barred or reducing any recovery against this Defendant under the doctrine of comparative fault.

### FIFTH DEFENSE

Plaintiff's claim for punitive or exemplary damages against this Defendant is barred by the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and by Article II, § 18 of the Constitution of the State of New Mexico, and an award of punitive or exemplary damages in this case would constitute a denial of equal protection, a denial of due process, and/or the imposition of an excessive fine.   Further, Plaintiff has failed to plead (and cannot plead and prove) the predicate facts necessary to state a claim for an award of punitive or exemplary damages.

### SIXTH DEFENSE

Any alleged act or omission by this Defendant was not the legal, actual, or proximate cause of Plaintiff's alleged damages and therefore, the Plaintiff's claims are barred.

### SEVENTH DEFENSE

This Defendant denies each allegation that is determined to warrant any additional response.

### EIGHTH DEFENSE

This Defendant reserves the right to raise additional defenses as warranted by matters learned in discovery.

## JURY DEMAND

This Defendant requests a trial by jury as to all claims.

Respectfully submitted,

**RILEY | KELLER | ALDERETE | GONZALES**

By: */s/ Mark J. Riley*
  **MARK J. RILEY**
  **SPIRIT A. GAINES**
  3880 Osuna Rd., NE
  Albuquerque, NM  87109
  (505) 883-5030
  mriley@rileynmlaw.com
  sgaines@rileynmlaw.com
  *Attorneys for Defendant Excalibur Trucking, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 14, 2022, the foregoing was electronically filed through the CM/ECF filing system, which caused all counsel of record to be served by electronic means.

  */s/ Mark J. Riley*
**MARK J. RILEY**