IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUAN ANTONIO GUAJARDO LOPEZ,

    Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　　　　　Civ. No. 22-36 JCH/SCY

HARPREET SINGH and EXCALIBUR
TRUCKING, LLC,

    Defendants.

## ORDER GRANTING MOTION TO EXTEND TIME FOR SERVICE

Plaintiff Juan Antonio Lopez Guajardo filed the present Motion To Extend Time For Service on June 20, 2022. Doc. 35. Defendant Excalibur Trucking, LLC filed a response in opposition on July 5. Doc. 38. The time for Plaintiff to reply has expired, and so briefing on the matter is complete without a reply.

Defendant Excalibur removed this case to federal court on January 14, 2022. Doc. 1. Service on all defendants was due by April 14, 2022. Fed. R. Civ. P. 4(m). The Court held a scheduling conference on April 12, in which Plaintiff advised that he has not been able to find Defendant Harpreet Singh to serve him. Doc. 17. On June 14, the Court held another conference in which Plaintiff advised again that he has been looking for Singh and wishes to keep looking. Doc. 33. Plaintiff requested an extension of the deadline to serve this defendant. *Id.* The Court instructed Plaintiff to file a motion. *Id.* The current motion requests an extension of time through August 15, 2022 to effect service. Doc. 35 at 3.

There are two types of service extensions: mandatory and permissive. The plaintiff is entitled to a mandatory extension of time if the plaintiff can demonstrate good cause for failing to timely effect service. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

"[I]nadvertence or negligence alone do not constitute 'good cause' for failure of timely service. Mistake of counsel or ignorance of the rules also usually do not suffice." *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996). Avoiding or evading service of process may constitute "good cause." *Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997). Under the "permissive" standard, if the plaintiff fails to show good cause, the court has discretion to either dismiss the case without prejudice or extend the time for service. *Espinoza*, 52 F.3d at 842.

In the present motion, Plaintiff explains that two different process servers have attempted to locate Singh at five different addresses on a total of six different occasions from March 11 to April 22. Doc. 35 at 2.[1] Excalibur points out that it provided a last-known address for Singh on March 8. Doc. 38-1. Plaintiff's process server only tried that address once, on March 11. Doc. 35 at 2. Plaintiff's process server was informed again on April 22 that it was Singh's forwarding address. *Id.* Perhaps, Excalibur suggests, Singh was simply not home on the one occasion the process server tried that address. *Id.*

But the process server's affidavit makes it clear that she investigated and learned that Singh no longer lived at that address. Doc. 22 ("I spoke with an individual who indicated they were the resident and they stated subject moved. I spoke with a neighbor who doesn't recognize name."). Therefore, the Court does not agree with Defendant that this attempt was insufficient because the process server failed to consider whether Singh was simply not home at the time. The Court finds that Plaintiff has demonstrated good cause for failure to timely serve: despite the efforts of two different process servers investigating multiple addresses, they have not been able to locate Singh. Even if this did not meet the good cause standard in that there is no evidence that

---

[1] Plaintiff references exhibits to the motion, but no exhibits were filed on the docket accompanying the motion. The Court assumes Plaintiff intends to reference documents previously filed on the docket reflecting service attempts. Docs. 22-27.

Singh is deliberately evading service, the Court would alternatively determine that Plaintiff is entitled to a permissive extension of time.

Nonetheless, the Court recognizes Defendant Excalibur's objection to further delay in this case, given that Plaintiff has been looking for Singh for many months already. The case is currently being litigated without Singh, and his addition to the case would necessitate further scheduling extensions. Doc. 38 at 1. Therefore, the Court grants the motion, but advises Plaintiff that further extensions may require more extensive justification.

THEREFORE, IT IS ORDERED THAT Plaintiff's Motion To Extend Time For Service is GRANTED IN PART. Plaintiff shall have until August 15, 2022 to attempt to serve Defendant Singh.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE