IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUAN ANTONIO GUAJARDO LOPEZ,

    Plaintiff,

vs.                                                                                        Civ. No. 22-36 JCH/SCY

HARPREET SINGH and EXCALIBUR
TRUCKING, LLC,

    Defendants.

## ORDER DENYING MOTION FOR ALTERNATE SERVICE

This matter is before the Court on Plaintiff's Motion for Substitute Service on Defendant Harpeet Singh. Doc. 41. Defendant Excalibur Trucking LLC ("Excalibur") did not file a response, and the time to do so has expired. For the reasons set forth below, the Court denies the motion.

The motion explains that Plaintiff has not been able to locate an address for Defendant Singh despite the efforts of several different process servers. Doc. 41 at 1. Plaintiff then investigated Defendant Singh's spouse and discovered a pending domestic relations matter between Defendant Singh and his spouse. *Id.* at 1-2. Plaintiff's counsel states he communicated with counsel for Defendant Singh in the domestic relations matter, and family-law counsel indicated Defendant Singh traveled to India and is difficult to communicate with. *Id.* at 2. Family-law counsel provided an email address which "they use to communicate with him with some success." *Id.* Plaintiff therefore requests Court permission to serve Defendant Singh via this email address. *Id.*

The Court denies the request. Plaintiff cites no authority permitting alternate service by email. Plaintiff's sole citation to authority in the motion is to Federal Rule of Civil Procedure

4(e). Doc. 41 at 2. Rule 4(e) does not address service of process by email. In addition to a lack of authority supporting the request, the Court notes a lack of evidence supporting the assertion that it is likely that service by this email would provide sufficient notice to Defendant Singh. Plaintiff's motion relies on hearsay to link Defendant Singh and the email address. Even if hearsay were appropriate, the assertion is that this is a method of communication that has resulted only in "some" success. Doc. 41 at 2. And Plaintiff proposes no safeguards, such as embedded tracking or read receipts, that would enable Plaintiff or the Court to ascertain whether Defendant Singh actually received and read the email containing service of process.

    THEREFORE, IT IS ORDERED THAT Plaintiff's Motion for Substitute Service on Defendant Harpeet Singh, Doc. 41, is DENIED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE