IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUAN ANTONIO GUAJARDO LOPEZ,

    Plaintiff,

vs.                                                 Civ. No. 22-36 JCH/SCY

HARPREET SINGH and EXCALIBUR
TRUCKING, LLC,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court sua sponte. For the reasons set forth below, I recommend the Court dismiss Plaintiff's claims against Defendant Singh without prejudice.

Defendant Excalibur removed this case to federal court on January 14, 2022. Doc. 1. Service on all defendants was due by April 14, 2022. Fed. R. Civ. P. 4(m). Plaintiff did not serve Defendant Singh by this deadline. The Court held a scheduling conference on April 12, in which Plaintiff advised that he has not been able to find Defendant Harpreet Singh to serve him. Doc. 17. On June 14, the Court held another conference in which Plaintiff advised again that he has been looking for Singh and wished to keep looking. Doc. 33. Plaintiff requested an extension of the deadline to serve this defendant. *Id.* The Court instructed Plaintiff to file a motion. *Id.*

Plaintiff accordingly filed a Motion To Extend Time For Service on June 20, 2022. Doc. 35. The Court granted it, observing that two different process servers had attempted to locate Defendant Singh at five different addresses on a total of six different occasions from March 11 to April 22. Doc. 39 at 2. The Court found that Plaintiff demonstrated good cause for failure to timely serve: despite the efforts of two different process servers investigating multiple addresses, they were not able to locate Defendant Singh. *Id.* Even if this did not meet the good cause

standard in that there was no evidence that Defendant Singh was deliberately evading service, the Court would alternatively have determined that Plaintiff was entitled to a permissive extension of time. *Id.* at 2-3.

But the Court also recognized Defendant Excalibur's objection to further delay in this case, given that Plaintiff has been looking for Singh for many months already. *Id.* at 3. The Court cautioned Plaintiff that the case is currently being litigated without Defendant Singh, and his addition to the case would necessitate further scheduling extensions. *Id.* Therefore, the Court advised Plaintiff that further extensions may require more extensive justification. *Id.*

Plaintiff then filed a Motion for Substitute Service on Defendant Harpeet Singh. Doc. 41. Plaintiff explained he investigated Defendant Singh's spouse and discovered a pending domestic relations matter between Defendant Singh and his spouse. *Id.* at 1-2. Plaintiff's counsel stated he communicated with counsel for Defendant Singh in the domestic relations matter, and family-law counsel indicated Defendant Singh traveled to India and is difficult to communicate with. *Id.* at 2. Family-law counsel provided an email address which "they use to communicate with him with some success." *Id.* The Court denied the request for substitute service, because Plaintiff cited no legal authority in support of the request and cited no evidence linking Defendant Singh to the email address, relying instead on hearsay. Doc. 46 at 1-2. Nor did Plaintiff propose any safeguards, such as embedded tracking or read receipts, that would enable Plaintiff or the Court to ascertain whether Defendant Singh actually received and read the email containing service of process. *Id.* at 2.

Plaintiff's extended time to serve Defendant Singh expired on August 15, 2022. Doc. 39 at 3. Plaintiff has neither requested an extension of this deadline nor provided "more extensive"

justification for again extending the time to serve. Plaintiff has not proposed a suitable alternate means of service. I do not find good cause to further extend this deadline.

There are two types of service extensions: mandatory and permissive. The plaintiff is entitled to a mandatory extension of time if the plaintiff can demonstrate good cause for failing to timely effect service. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). "[I]nadvertence or negligence alone do not constitute 'good cause' for failure of timely service. Mistake of counsel or ignorance of the rules also usually do not suffice." *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996). Avoiding or evading service of process may constitute "good cause." *Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997). Under the "permissive" standard, if the plaintiff fails to show good cause, the court has discretion to either dismiss the case without prejudice or extend the time for service. *Espinoza*, 52 F.3d at 842.

Rule 41(b) permits a court to dismiss an action or any claim for failing to prosecute that action or claim. *See* Fed. R. Civ. P. 41(b); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."). "Employing Rule 41(b) to dismiss a case without prejudice . . . allows the plaintiff another go at [compliance]; accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures," such as an evaluation of the *Ehrenhaus* factors. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).

Plaintiff's lack of legal authority and evidentiary support for his request for service by email demonstrates the lack of good cause. Further, I do not find a permissive extension is

appropriate due to the length of time the service issue has been pending and the fact that the case is substantially progressed against Defendant Excalibur.

I therefore recommend the claims against Defendant Singh be dismissed without prejudice.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**