**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JUAN ANTONIO GUAJARDO LOPEZ,

       Plaintiff,

     vs.                                                            Civ. No. 22-36 JCH/SCY

HARPREET SINGH and EXCALIBUR
TRUCKING, LLC,

       Defendants.

## ORDER GRANTING MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATION

On December 28, 2022, Defendant Excalibur Trucking, LLC filed a Motion And Notice Of Intent To Take An Independent Medical Examination Of The Plaintiff Pursuant To Rule 35. Doc. 65. Plaintiff opposes this IME on grounds that it is untimely, without good cause, and does not adequately accommodate the language barrier between Plaintiff and the doctor. The Court GRANTS Defendant's motion to conduct an IME. The Court, however, will limit the examination to three hours and will allow Plaintiff to bring his own interpreter in addition to an observer.

    A.    <u>BACKGROUND</u>

Defendant seeks to conduct an independent medical examination ("IME") of the Plaintiff on January 27, 2023, performed by Dr. Paul M. Legant. Defendant represents that Dr. Legant's office has booked and is reserving an in-person appointment for January 27, 2023 at 9:00 a.m. MT at 6211 San Mateo Blvd. NE Albuquerque, NM 87109. Doc. 67 at 2. The parties did not complete briefing this issue until January 17, 2023. Doc. 67. Because of the short time between completion of briefing and this appointment, the Court issues this abbreviated order requiring Plaintiff to appear for the IME as noticed.

B.    <u>LAW</u>

Under Federal Rule of Civil Procedure 35:

> The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. . . . The order . . . may be made only on motion for good cause . . . .

Fed. R. Civ. P. 35(a)(1), (2), (A).

Plaintiff does not dispute that he has put his physical condition "in controversy." Nor does he dispute that Dr. Legant is suitably licensed or certified. Instead, Plaintiff raises three other arguments: (1) the request is untimely; (2) Defendant's stated reasons are not "good cause" for an IME; and (3) the manner of proposed examination does not account for the language barrier between Plaintiff and the examiner. Doc. 66 at 1.

C.    <u>ANALYSIS</u>

The Court finds good cause under Rule 35 for an IME because Plaintiff claims personal injury damages resulting from a car accident. In support of his argument that good cause is lacking, Plaintiff cites the Supreme Court's decision in *Schlagenhauf v. Holder*, Doc. 66 at 4-5, but that case weighs against him. After stating—as Plaintiff points out—that Rule 35 examinations must be supported by "good cause" and a finding of "good cause" will not be automatic in every case, this opinion squarely holds: "A plaintiff in a negligence action who asserts mental or physical injury, places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." 379 U.S. 104, 119 (1964) (citation omitted); *see* Doc. 66 at 2-3 (describing Plaintiff's injuries and course of medical treatment).

Plaintiff further objects that the examination is not "independent" as Defendant disclosed Dr. Legant as Defendant's expert witness in December. Doc. 67 at 3. However, Plaintiff cites no

law addressing whether this potential bias is a basis to prohibit an IME, or whether such evidence is merely a matter for cross-examination at trial. Without such authority, the Court is not inclined to rule that Dr. Legant cannot perform the IME as scheduled.

Further, Plaintiff remains free to move to exclude part or all of Dr. Legant's testimony. For instance, going forward with the IME does not prevent Plaintiff from later arguing that any evidence Dr. Legant obtains from this examination should be excluded on the basis that Dr. Legant is not truly an independent medical examiner. Similarly, Plaintiff remains free to argue that any modification Dr. Legant makes to his already-disclosed expert opinion based on information obtained through his examination of Plaintiff is untimely and should be excluded from evidence. To the extent Plaintiff believes that Dr. Legant's testimony will intrude on questions reserved for the jury, he may also seek to exclude that testimony.

Plaintiff next objects that Defendant did not propose a time limit for the IME. Doc. 66 at 7. Defendant does not address this objection in its reply. Defendant's description of the examination, however, convinces the Court that a maximum of 3 hours is sufficient for Dr. Legant to complete his examination and, therefore, imposes a 3-hour time limit for the examination. *Cf. Maes v. Progressive Direct Ins. Co*., No. 18cv1038 KBM/KK, 2019 WL 998811, at *2-3 (D.N.M. Feb. 27, 2019) (IMEs generally should not take longer than 3-4 hours).

Finally, Plaintiff objects to Dr. Legant's office providing a Spanish interpreter, and questions whether such interpreter would be licensed or certified. Doc. 66 at 6-7. Defendant stipulated that Plaintiff may bring an "observer" but that the observer must sit during the examination quietly. Doc. 67 at 3. In other words, Defendant did not make a provision for Plaintiff to bring his own Spanish interpreter. The Court orders that Plaintiff is allowed to bring his own Spanish interpreter to the IME, if he so chooses, in addition to the "observer" Defendant

describes. The role of any interpreter Plaintiff wishes to bring shall be limited to translating, without explication, the words spoken during the IME.[1]

      SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties appear to agree that Defendant bears the cost of retaining Dr. Legant and any Spanish interpreter provided by Dr. Legant's office. Doc. 65 at 1; Doc. 66 at 8. To the extent Plaintiff brings his own interpreter, however, he must bear that cost. *Echon v. Sackett*, No. 14cv3420, 2018 WL 684758, at *1 (D. Colo. Feb. 2, 2018) (interpreter services needed to assist parties to civil proceedings not instituted by the United States are the responsibility of that party) (collecting cases).