IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUAN ANTONIO GUAJARDO LOPEZ,

    Plaintiff,

    v.                                                                           Civ. No. 22-36 JCH/SCY

HARPREET SINGH and EXCALIBUR
TRUCKING, LLC,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
MOTION TO STRIKE**

    Defendant Excalibur Trucking LLC moves to strike Plaintiff's designations of non-retained medical and law-enforcement experts. Doc. 84 (Defendant Excalibur Trucking, LLC's Motion To Strike In Part Plaintiff's First Amended Designation Of Expert Witnesses). Plaintiff's disclosures fail to name any non-retained medical experts, but generically state that Plaintiff may call employees of several different medical facilities, and provide a description of anticipated testimony that is identical for each designee. Although Plaintiff did designate law-enforcement experts by name, the disclosure similarly provided one generic description of anticipated testimony for all of them. Because this is an insufficient disclosure, the Court agrees that Plaintiff violated Rule 26.

    However, the Court denies the requested sanction of striking the disclosures and excluding the witnesses. Exclusion of expert witnesses is a harsh remedy. The preferable remedy, better designed to lead to a trial on the merits, is to permit Plaintiff to amend the disclosures and reopen discovery if Defendant wishes to serve rebuttal expert disclosures or take depositions of the witnesses Plaintiff names in his amended disclosures.

**BACKGROUND**

According to the complaint, on November 21, 2021, Defendant Harpreet Singh was operating a 2014 Freightliner owned by Defendant Excalibur Trucking, LLC. Plaintiff Juan Antonio Lopez Guajardo was traveling westbound on Interstate 40 outside of Grants when Defendant Singh rear-ended Plaintiff's vehicle. Plaintiff was injured in the accident. Defendant Singh has been dismissed for failure to timely serve him, and all remaining references to "Defendant" herein are to Excalibur Trucking, LLC.

The Court held a Rule 16 scheduling conference on April 13, 2022. Doc. 17. The initial scheduling order provided for written discovery while the parties discussed the possibility of settlement. Doc. 16. The Court entered a full scheduling order on June 14, 2022, with discovery to close on December 16, 2022. Doc. 31. The Court later extended expert deadlines, without extending the discovery deadline at that time. Doc. 54. Under that order, Plaintiff's expert disclosures were due November 7, 2022. *Id.*

On November 7, Plaintiff disclosed six law-enforcement officers with the generic description that they have "knowledge of the incident, their investigation and any findings or conclusions regarding Harpreet Singh and the resulting injuries and damages." Doc. 59. Plaintiff also disclosed "Doctors, Physician Assistants, Nurses, Custodian of Accounting and Business Records, Employees, etc. of" twelve medical facilities and stated: "Personnel will likely have information concerning Plaintiff's injuries and treatment." *Id.*

After another discovery extension, the most recent scheduling order imposed an expert deadline for Plaintiff of May 26, 2023 and a discovery end date of July 21, 2023. Doc. 76. Additionally, Judge Herrera issued an order setting trial for May 20, 2024. Doc. 79.

On May 26, 2023, Plaintiff served Plaintiff's First Amended Designation of Expert Witnesses. Doc. 81. The amended disclosures are very similar to the original disclosures. The amended disclosures list a retained expert, Roger Allen, and reference an attached report. Doc. 86 at 1. Plaintiff lists fifteen unnamed medical experts, describing each expert as "Custodian of Records, Custodian of Patient Accounts, Doctors, Nurses, Employees, etc. of" a facility. The amended disclosure adds a description of anticipated testimony that is several pages, but with one exception, is identical for each provider and is no less generic than the original disclosure's descriptions. Despite its length, the amended description essentially boils down to "the witness will testify about Plaintiff's injuries, medical care, and causation." Doc. 86 at 12-13. The disclosure does not describe the type of medical service rendered by each facility or state the role any medical provider had in Plaintiff's treatment. The exception is Dr. Dillin, as the amended disclosures state: "It is anticipated Dr. Dillin will perform surgery on Plaintiff." Doc. 86 at 12. The disclosure also lists the same six law-enforcement personnel, amending the initial disclosure to add a lengthy description that applies to all of the witnesses and remains extremely generic, amounting to "the witness will testify about the facts and causation of the accident." Doc. 86 at 15-16.

Defendant moves to strike all disclosures except Roger Allen and Dr. Dillen, arguing that they are insufficient under Federal Rule of Civil Procedure 26. Defendant argues that due to the violation of Rule 26, Plaintiff should be precluded from introducing any of these witnesses' testimony at trial.

## DISCUSSION

**I.     Rule 26(a)(2)(C)**

Under Federal Rule of Civil Procedure 26, "certain disclosure requirements attach to witnesses who intend to deliver expert (as opposed to lay) testimony. Retained expert witnesses,

3

or employees 'whose duties regularly involve giving expert testimony,' must file detailed written reports." *Vincent v. Nelson*, 51 F.4th 1200, 1214 (10th Cir. 2022) (quoting Fed. R. Civ. P. 26(a)(2)(B)) (alteration omitted). "These 'extensive' disclosure requirements, however, do not apply to non-retained expert witnesses." *Id.* (quoting Fed. R. Civ. P. 26 advisory committee notes to 2010 amendment). "Non-retained expert witnesses need only disclose 'the subject matter on which [he or she] is expected to present evidence' and 'a *summary* of the facts and opinions to which [he or she] is expected to testify.'" *Id.* (quoting Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii)) (emphasis in *Vincent*, not in Rule 26). "A 'summary' is customarily defined as 'an abridgment' of a fuller accounting of material." *Id.* at 1216 (quoting *Summary*, Black's Law Dictionary (11th ed. 2019)) (alteration omitted). "Indeed, the advisory notes caution against requiring 'undue detail,' as witnesses testifying under Rule 26(a)(2)(C) generally 'have not been specially retained and may not be as responsive to counsel as those who have.'" *Id.* (quoting Fed. R. Civ. P. 26 advisory committee notes to 2010 amendment).

In *Vincent*, the Tenth Circuit approved non-retained witness designations that stated one witness, McGinty, would "testify about his participation in the post-accident activities conducted by Thunder Basin Coal and the operations of the haul trucks in the area where the subject accident occurred" and "provided notice that he may base any opinion on his education, experience and training, and rely on any relevant documents, articles, and exhibits to illustrate or support his testimony." *Id.* at 1216 (cleaned up). The designation for the second non-retained witness at issue, Steele, "stated that he would testify as to Thunder Basin Coal's investigation into the accident and about his participation in the investigation of the accident" and "that he may rely on any relevant documents, articles, and exhibits to illustrate or support his testimony." *Id.* at 1216-17 (cleaned up). "Both designations also provided that [Steele and McGinty] would

4

testify consistent with their deposition testimony." *Id.* at 1217.

In finding these designations sufficient,[1] the Tenth Circuit explained that other circuits "seem largely to have faulted parties only when they have filed disclosures 'so generic, unhelpful, and boilerplate that they could apply to virtually any case.'" *Id.* at 1216 (quoting *Torrez v. D. Las Vegas, Inc.*, 773 F. App'x 950, 951 (9th Cir. 2019)) (alterations omitted). Because the Tenth Circuit cited *Torrez* approvingly, it is worth examining the disclosures in that case—which are nearly identical to the facts at issue here. As the magistrate judge in that case explained:

> In the initial disclosure, Alfaro and Torrez identified a total of 11 healthcare providers. The initial disclosure also identified "person(s) most knowledgeable and/or custodian of records and/or the treating physician or other healthcare provider" by name. For each of these providers, the following identical disclosure was provided:
>
>> The aforementioned medical care providers and/or their representatives are expected to testify as treating physicians and as experts regarding the injuries sustained; past, present and future medical treatment impairment; prognosis; disability; pain and suffering; disfigurement; causation; and the reasonableness and necessity of all care and billing as it relates to Plaintiff, as well as the authenticity of their medical records and cost of the services rendered.
>>
>> The aforementioned medical care providers will opine regarding future treatment, including, but not limited to, spinal cord simulators, chiropractic care, physical therapy, rehabilitative care, fusion surgery and/or therapeutic and/or diagnostic injections of the facets, nerve roots and/or medical branches. Said doctors will also opine regarding other pain management procedures such as radiofrequency ablations, occipital blocks and any other foreseeable medical treatment. Said doctors will also opine regarding all treatment in this case as it pertains to defending their opinions, to include any and all medical treatment as a result of the incident at issue, and any and all medical treatment prior to the incident at issue, and any and all depositions of other medical providers or defense

---

[1] Arguably, this finding is non-binding dicta, because the Tenth Circuit first found that Steele and McGinty offered lay, not expert, testimony at trial, and examined the sufficiency of the expert disclosures only as an alternative holding. *Vincent*, 51 F.4th at 1214-15. Nonetheless, it remains guidance stated in a published opinion from the Circuit.

5

> experts, and any and all defense medical reports prepared to attack said doctor's opinions.

*Alfaro v. D. Las Vegas, Inc.*, No. 15cv2190, 2016 WL 4473421, at *3-4 (D. Nev. Aug. 24, 2016) (footnote omitted), *aff'd* 773 F. App'x 950. In the paragraph quoted by the Ninth Circuit, the magistrate judge found that:

> They do not disclose any expert opinions at all. Although the identical disclosures arguably include broad subject matter areas on which each witness is expected to testify or present evidence, they do not include a "summary of the facts and opinions to which the witness is expected to testify." *See* Fed. R. Civ. P. 26(a)(2)(C)(ii). The initial disclosure and supplemental disclosures do not even identify the conditions for which Plaintiffs were treated, their diagnosis or prognosis, or the course of treatment provided. No information at all is provided linking any injury claimed by either Plaintiff to the accident in this case. The identical descriptions of expected testimony that Plaintiffs provided for all 11 treating physicians and providers are so generic, unhelpful, and boilerplate they could apply to any virtually any case.

*Id.* at *13. Under Rule 26(a)(2)(C), "the disclosure must contain sufficient information to allow opposing counsel to make an informed decision on which, if any, of the treating providers should be deposed, determine whether to retain experts, and conduct a meaningful deposition or cross examination of the witness at trial." *Id.* at *14.

The Ninth Circuit affirmed, quoting the "generic, unhelpful, and boilerplate" language from the magistrate judge's order and the Tenth Circuit later echoed this sentiment. 773 F. App'x at 951; *Vincent*, 51 F.4th at 1216.

**II.    Plaintiff's amended disclosures**

Plaintiff's amended disclosures in this case suffer from the same deficiencies as described in *Alfaro*/*Torrez*. Plaintiff provides an identical summary of the subject-matter, facts, and opinions for each witness. And, that summary does not: identify the conditions for which these prospective witnesses treated Plaintiff; describe any providers' diagnosis or prognosis;

summarize any course of treatment; or summarize how the accident at issue caused Plaintiff's claimed injuries.

Under *Vincent*, Plaintiff correctly argues that the Court cannot require "undue detail." Doc. 86 at 5. Nonetheless, in the course of this same discussion, the Tenth Circuit approvingly cited *Alfaro/Torrez*. The Court follows *Alfaro/Torrez* in this respect: Rule 26 calls for more than a disclosure that lumps every provider together, describes nothing about his or her individual opinion, and does not even state what the provider did (i.e., what the provider treated Plaintiff for). All Defendant knows after reading this disclosure is that Dr. Dillin is expected to perform surgery on Plaintiff. The subject-matter of the testimony of the other medical providers remains a mystery.

In *Vincent*, the opposing party at least knew that one witness had knowledge of the mining company's post-accident activities and the operation of long-haul trucks, and the other witness had information about the accident investigation. Defendant in this case knows only that the unnamed witnesses are medical staff of some kind whose offices may have treated Plaintiff. They are "so generic, unhelpful, and boilerplate that they could apply to virtually any case." *Torrez*, 773 F. App'x at 951. "In practical effect, there were no 'disclosures' within the meaning of Rule 26(a)(2)(C)." *Id.*

In addition, the Court agrees with Defendant that non-retained expert disclosures must actually name an expert witness. As Judge Khalsa has explained,

> Rule 26(a)(2)(A) states that a party must disclose "the identity of any *witness* it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A) (emphasis added). In this context, a "witness" is "one who testifies in a cause or before a judicial tribunal." https://www.merriam-webster.com/dictionary/witness (last visited Mar. 18, 2022). Entities cannot take the stand and testify; only individuals can. Thus, Rule 26(a)(2)(A) requires parties to identify individuals as expert witnesses, and Plaintiffs' disclosures are inadequate to the extent they identify entities instead.

*Heaton v. Gonzales*, No. 21cv463 JCH/KK, 2022 WL 843892, at *5 (D.N.M. Mar. 22, 2022) (and collecting cases).

The Court also disagrees with Plaintiff's understanding that "the main issue of concern to the Defendant is that the designation does not specifically list the name of the specific doctor or medical provider along with the name of their facility or practice group." Doc. 86 at 2-3. In addition to complaining about the absence of witness names, Defendant argues that "the impressions and opinions disclosed are conclusory, vague, and do not state what the unretained experts respective opinions are." Doc. 84 at 2. The Court agrees: *in addition to* the failure to name the medical providers, the disclosures are conclusory, vague, and, aside from "Plaintiff's medical treatment," give Defendant no idea what the opinions are about. In short, Plaintiff does not provide a summary of any fact or opinion.

Plaintiff also argues that the disclosures are sufficient because "Plaintiff has provided the medical records for all the treating physicians that are the subject of Defendant's concern." Doc. 86 at 3. But referring to medical records does not cure insufficient Rule 26 expert disclosures. "Although referring to a physician's medical records is appropriate, a proper non-retained expert disclosure should also identify specifics from those records in order to meet the requirements of Rule 26(a)(2)(C). It is not enough to state that the witness will testify consistent with information contained in the medical records." *Nosewicz v. Janosko*, No. 16cv447, 2019 WL 4248895, at *6 (D. Colo. Aug. 19, 2019) (cleaned up), *report and recommendation adopted*, 2019 WL 4242739 (D. Colo. Sept. 6, 2019). "Moreover, designation of a prodigious volume of material does not constitute a summary of the facts to which the witnesses will testify within the meaning and requirements of Rule 26(a)(2)(C)." *Id.* (cleaned up).

Finally, Plaintiff argues that he *cannot* be more specific, because:

8

> For these non-retained treating physicians and medical providers, it is the entities who have billed for the medical services and are owed payment from the Plaintiff. It is the entities who have kept records in the regular course of business at or near the time of their creation. It is the entities who have provided the medical and billing records related to Plaintiff's treatment. It is the entities who would decide who their Rule 30(b)(6) representative would be if any of the parties requested the testimony of the entities themselves. For the medical providers, the identity of the custodian of records could change at any given time. There are also circumstances where persons or even doctors affiliated with a given facility will move on from the entities, find other practice groups, or be otherwise unavailable to testify.

Doc. 86 at 5.

This paragraph demonstrates confusion about the role of non-retained expert disclosures. Plaintiff's pages-long summary of anticipated testimony appears to indicate that the disclosure is about medical experts—that is, treating physicians. Doc. 86 at 12-13. A records custodian generally can only authenticate medical records, not provide medical expert testimony (unless the record custodian is for some reason also the treating physician).[2] "Entities who billed and are owed payment" are not treating physicians, as treating physicians are individual people. An "entity" cannot testify that Plaintiff suffered physical injuries or that Plaintiff received appropriate medical care for them or that such injuries were more likely than not caused in a car accident. Similarly, the hypothetical unavailability of a trial witness does not affect Plaintiff's duty to disclose that witness if Plaintiff intends to call him or her at trial. And, as for Rule 30(b)(6) depositions, the time to notice and conduct those is long past.

To the extent Plaintiff's witness designations are intended to designate *non*-expert record custodian testimony, Rule 26(a)(2)(C) does not apply and such witnesses should not be listed in

---

[2] The Court also agrees with *Alfaro*'s observation that "[i]n the court's experience, a custodian of records' testimony is rarely needed, especially where opposing counsel have been provided with HIPAA compliant releases enabling them to obtain medical records directly from the providers." 2016 WL 4473421, at *13.

such a designation.[3] To the extent Plaintiff wishes to disclose *medical experts* (treating physicians) to opine on Plaintiff's injuries, causation, or damages, Plaintiff must adequately disclose them.

The same analysis applies to Plaintiff's disclosure of law-enforcement officers. Plaintiff names six law-enforcement officers who "may" be called upon to give expert testimony. Doc. 86 at 14-15. Plaintiff states that the officers will provide testimony about the collision and follows the disclosure with pages of description of potential testimony that applies to all six witnesses, with elaborate language that boils down to "the circumstances and causation of the accident." Doc. 86 at 15-16. Because the disclosures do not contain a single opinion, describe the individual role of a single officer, or summarize the expert testimony, they are insufficient for the same reasons as the medical expert disclosures.

Therefore, the Court finds that Plaintiff's non-retained expert disclosures violate Rule 26 because they (1) fail to identify all the witnesses; (2) fail to provide a summary of the subject-matter of each witness's testimony, facts, and opinions; and (3) apparently include non-expert, lay witnesses without specifically stating so. Having decided Plaintiff violated Rule 26, the Court must next decide how that violation should be addressed.

**III.     Sanctions**

If a party fails to disclose information required by Rule 26(a), it may not use any undisclosed information at trial, unless the failure is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) ("A trial court has broad discretion to decide if a Rule 26(a) violation is justified or is harmless."). In

---

[3] Plaintiff is required to disclose fact or lay witnesses Plaintiff plans to call at trial under Rule 26(a)(1)(A)(i) (initial disclosures) and Rule 26(a)(3)(A)(i) (pretrial witness lists).

making this determination, the Court should consider: (1) whether the other party will be prejudiced, (2) the ability to cure any prejudice, (3) whether allowing the evidence would disrupt the trial, and (4) the violator's bad faith or willfulness. *Jacobsen*, 287 F.3d at 952-53; *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Jacobsen*, 287 F.3d at 953. Defendant argues that, considering these factors, the most appropriate sanction is to preclude Plaintiff from using any of the undisclosed testimony at trial.

With respect to the first factor, Defendant argues that the insufficient disclosures prejudiced it by

> impairing its ability to prepare a defense, needlessly escalating the cost of defense by forcing Defendant to guess about the types of experts needed to defend the claims in this case, and hindering their ability to procure their own expert testimony. Without information regarding which, if any, of the experts identified by Plaintiffs intends to testify at trial and the precise nature and scope of their testimony, Defendants cannot determine whether it will be necessary to retain any experts at all, much less which types of experts are needed.

Doc. 84 at 7.

As Plaintiff points out, however, despite long having notice of the Rule 26 deficiencies it alleges, Defendant has only recently sought to address these deficiencies. Doc. 86 at 6. Plaintiff's original expert witness disclosure, filed on November 7, 2022, contained the same deficiencies Defendant challenges now. But between November 2022 and August 2023, Defendant raised no objection. Although it disclosed its own medical experts and conducted an IME of Plaintiff, it did not mention any issues it had with Plaintiff's Rule 26 disclosures until August 24, 2023—the day before filing the present motion on the August 25, 2023 pretrial motions deadline. *Id.*

When Plaintiff filed his initial set of non-retained expert disclosures on November 7, 2022, discovery had not yet closed (although there was only a little over one month left before

the discovery deadline) and no trial date had been set. Further, on December 19, 2022, the parties stipulated to, and the Court granted, an extension of the discovery deadline. This extension provided ample opportunity to cure the insufficient disclosures, set any necessary depositions, and name any rebuttal experts. Defendant does not offer any explanation for the lengthy delay between the November disclosures and the filing of this motion the following August. Thus, to the extent reopening discovery to address Plaintiff's deficient Rule 26 disclosures creates a hardship now that trial is six months away, Defendant bears some responsibility for that hardship.

In addition, Plaintiff's description of events leaves the Court concerned Defendant did not timely meet and confer on the issue. If Defendant had requested Plaintiff amend the disclosures in late 2022, when no trial date was set and discovery was still open, Plaintiff could have simply agreed to serve amended disclosures with little cost or prejudice to either party. Waiting to confer until filing the present motion for dispositive sanctions, however—after trial has been set, after discovery has closed, and on the eve of the pretrial motions deadline—has left the parties with far fewer reasonable avenues for a negotiated resolution without Court involvement.

As for the second and third factors, trial is not imminent, but is six months away. The violation can be cured by Plaintiff amending his disclosures to comply with the rule and by reopening discovery for the limited purpose of providing Defendant the opportunity to conduct depositions of Rule 26 witnesses or to submit rebuttal evidence. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 954 (10th Cir. 2002) (for cases not "on the eve of trial," the district court could allow more time for compliance with Rule 26 "without jeopardizing the trial schedule" and provide the opposing party the opportunity to disclose rebuttal reports). Finally, on the last

factor, there is no evidence Plaintiff violated Rule 26 in bad faith. *Harvey v. THI of N.M. at Albuquerque Care Ctr., LLC*, No. 12cv727, 2015 WL 13667111, at *6 (D.N.M. Mar. 31, 2015) ("Without a finding of bad faith or gamesmanship . . . courts are loathe to invoke the strong medicine of precluding expert testimony." (internal quotation marks omitted; alteration in original)).

The Court will not impose preclusion as a sanction. The Court will not consider any lesser sanctions because Defendant does not request them.

THEREFORE, IT IS ORDERED THAT

1. Defendant Excalibur Trucking, LLC's Motion To Strike In Part Plaintiff's First Amended Designation Of Expert Witnesses, Doc. 84, is GRANTED IN PART;

2. Within 10 days of the date of this Order, Plaintiff shall serve amended non-retained expert disclosures that comply with Rule 26;

3. If Defendant chooses, Defendant may reopen discovery for 45 days following service of the amended disclosures to serve any rebuttal expert designations and conduct depositions of the named witnesses.

4. These time periods are subject to reasonable extensions of time by further court order.

SO ORDERED.

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

13