IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUAN ANTONIO GUAJARDO LOPEZ,

      Plaintiff,

     v.                                                Civ. No. 22-36 JCH/SCY

HARPREET SINGH and EXCALIBUR
TRUCKING, LLC,

      Defendants.

## ORDER TO FILE DISCLOSURE STATEMENT

This matter comes before the Court sua sponte, following its review of the Notice of Removal filed by Defendant Excalibur Trucking LLC (hereinafter "Defendant"). Doc. 1. Defendant removed this action to federal court citing diversity jurisdiction. *Id.* The Court has a sua sponte duty to determine whether subject matter jurisdiction exists. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." When a plaintiff files a civil action in state court over which the federal court would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014).

Determining the citizenship of an unincorporated entity such as limited liability company (LLC) is different from determining the citizenship of a corporation under 28 U.S.C. § 1332. A

corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See id.* § 1332(c). An LLC, on the other hand, is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (the standard requiring determination of citizenship of all members applies to any "non-corporate artificial entity"); *see also* NMSA § 53-19-7 (an LLC is an association of persons).

Defendant Excalibur Trucking LLC appears by name to be an LLC, yet the notice of removal states it is a "corporation," alleging its principal place of business for purposes of determining citizenship. Doc. 1 ¶ 3c. If Excalibur Trucking is indeed an LLC, the citizenship of each LLC member must be in the record to establish diversity jurisdiction.

Neither did Defendant file an accurate disclosure statement as to its own citizenship. *See* Fed. R. Civ. P. 7.1(a)(2) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name--and identify the citizenship of--every individual or entity whose citizenship is attributed to that party or intervenor: when the action is filed in or removed to federal court."). Defendant's corporate disclosure statement sets forth the citizenship of "Excalibur Trucking, Inc." without clarifying the relationship of that entity to the LLC, the named Defendant in this matter. Doc. 3. It does not disclose the citizenship of the members of Excalibur Trucking, LLC. *Id.*

The Court will give Defendant the opportunity to cure and allege facts necessary to sustain diversity jurisdiction. *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff);

*Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

**IT IS HEREBY ORDERED** that Defendant file an amended corporate disclosure statement that fully complies with Rule 7.1(a)(2) no later than November 20, 2023.

**IT IS FURTHER ORDERED** that if Defendant does not file an amended corporate disclosure statement showing the facts necessary to sustain diversity jurisdiction by November 20, 2023, the Court may remand this case to state court without further notice.

SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE