IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUAN ANTONIO GUAJARDO LOPEZ,

    Plaintiff,

v.

                                                                                 No. 1:22-cv-00036 JCH/SCY

HARPREET SINGH AND
EXCALIBUR TRUCKING, LLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This case involves claims for negligence and personal injury damages resulting from a crash between Defendant, Excalibur Trucking, LLC's 18-wheeler truck, and Plaintiff, Juan Antonio Guajardo Lopez. This opinion addresses the following motions in limine: (1) Plaintiff's Motion in Limine Regarding Immigration Status **(ECF No. 120)**; (2) Plaintiff's Motion in Limine Regarding Plaintiff Counsel's Office Locations **(ECF No. 122)**; and (3) Defendant's Motion in Limine to Exclude Speculation that Harpreet Singh Was Intoxicated and/or Fatigued at the Time of the Subject Accident **(ECF No. 114)**. After careful consideration of the motions, briefs, and relevant law, the Court will grant Plaintiff's Motion in Limine Regarding Immigration Status, grant in part and deny in part Plaintiff's Motion in Limine Regarding Plaintiff Counsel's Office Locations, and grant Defendant's Motion in Limine to Exclude Speculation that Harpreet Singh Was Intoxicated and/or Fatigued at the Time of the Subject Accident.

**I.**      **STANDARD**

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is generally admissible. Fed. R. Evid. 402. The standard for relevance "is a liberal one." *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 587 (1993). A court, however, may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needless presentation of cumulative evidence. Fed. R. Evid. 403. To be unfairly prejudicial, as opposed to merely damaging to the opposing party's case, the evidence must have an undue tendency to suggest decision on an improper basis, such as an emotional basis. *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008).

## II.     PLAINTIFF'S MOTION IN LIMINE REGARDING IMMIGRATION STATUS

First, Plaintiff asks the Court to exclude any references, argument, testimony, or evidence of Plaintiff's immigration or legal status in the United States. *See* Pl.'s Mot. Lim. 1, ECF No. 120. Plaintiff argues that his immigration status in the United States has no relevance to any issues to be decided in this matter, and to the extent there may be relevance, it is outweighed by the danger of unfair prejudice. *See id.* In support of his argument, Plaintiff cites to *Martinez v. Cont'l Tire Ams., LLC*, a case where this Court excluded reference to the plaintiff's undocumented status pursuant to Rule 403 because of the risk of unfair prejudice. *See* 476 F. Supp. 3d 1137, 1148-49 (D.N.M 2020). The Court found that although the plaintiff's undocumented status may be relevant to the issue of lost earning capacity, its probative value was substantially outweighed by the risk of unfair prejudice. *See id.* at 1148.

In response, Defendant does not argue for the inclusion of Plaintiff's immigration status. *See* Def.'s Resp. 1-2, ECF No. 132. Rather, Defendant argues that Plaintiff asks for a sweeping

order on all references to immigration status and asserts that the immigration status of Arun Sukesan, the principal of Excalibur Trucking, LLC, should not be excluded. *See id.* at 2. Mr. Sukesan immigrated from India and is not a United States citizen. *Id.* at 1. Defendant argues that Mr. Sukesan's immigration status, viewed in conjunction with his business history with Excalibur Trucking, LLC, and pursuit of the "American Dream," is evidence that can properly be offered on the issue of punitive damages. *See id.* Plaintiff did not reply to this argument.

The Court notes that Plaintiff's motion does not ask for a sweeping exclusion of all references to immigration status like Defendant suggests—just that of Plaintiff's immigration status. And the Court finds that the slight probative value that Plaintiff's immigration status might provide is outweighed by the risk of unfair prejudice. *See Martinez*, 476 F. Supp. 3d at 1148-49. Accordingly, the Court will grant Plaintiff's motion and will reserve ruling as to the admissibility of Mr. Sukesan's immigration status pending specific objection.

### III. PLAINTIFF'S MOTION IN LIMINE REGARDING PLAINTIFF COUNSEL'S OFFICE LOCATIONS

Next, Plaintiff asks that the Court exclude any references to the location and size of Plaintiff Counsel's offices and residences. Pl.'s Mot. Lim. 1, ECF No. 122. Plaintiff's counsel has office locations across Texas and in New Mexico, in addition to residences in Texas. *See id.* Plaintiff argues that comments or argument related to Plaintiff counsel's office locations, residences, or the size of the law firm, have the potential to cause undue prejudice against Plaintiff. *See id.*

In response, Defendant argues that it is commonplace during voir dire for trial courts to inform the jury pool of the parties' residences and office locations, in order to question the potential jurors about their associations with the lawyers and staff involved in the case. *See* Def.'s Resp. 1-2, ECF No. 133. Defendant contends that if the potential jurors are not informed of the location of

counsels' office and residences, the Court and the parties cannot adequately make use of peremptory challenges and challenges for cause, which will result in unfair prejudice. *See id.* at 2.

The Court agrees with Defendant that information about the parties' residences and office locations is relevant to determine potential jurors' associations with the lawyers and staff during voir dire. Plaintiff has neither offered a compelling argument as to why this information might cause prejudice nor explained how the risk of that prejudice substantially outweighs the probative value of this information in voir dire. However, the size of Plaintiff counsel's law firm is not relevant to any aspect of this case and should not be mentioned. Accordingly, Plaintiff's motion is denied in part and granted in part.

### IV.  DEFENDANT'S MOTION IN LIMINE TO EXCLUDE SPECULATION THAT HARPREET SINGH WAS INTOXICATED AND/OR FATIGUED AT THE TIME OF THE SUBJECT ACCIDENT

Finally, Defendant asks the Court to exclude any speculation that Harpreet Singh, the driver of Defendant's truck during the accident at issue, was intoxicated and/or fatigued at the time of the accident. *See* Def.'s Mot. Lim. 2, ECF No. 114. Defendant notes that there is no evidence that Mr. Singh was intoxicated and/or fatigued at the time of the accident, nor is there a witness who observed Mr. Singh to be intoxicated and/or fatigued at the time of the accident. *See id.*

Plaintiff did not file a timely response or offer any evidence to the contrary. Based on the record and the lack of evidence of Mr. Singh's condition at the time of the accident, the Court agrees with Defendant that any speculation that Mr. Singh was intoxicated and/or fatigued should be excluded and will grant Defendant's motion.

**IT IS THEREFORE ORDERED** that:

(1) *Plaintiff's Motion in Limine Regarding Immigration Status* **(ECF No. 120)** is **GRANTED**;

(2) *Plaintiff's Motion in Limine Regarding Plaintiff Counsel's Office Locations* **(ECF No. 122)** is **GRANTED IN PART AND DENIED IN PART**; and

(3) *Defendant's Motion in Limine to Exclude Speculation that Harpreet Singh Was Intoxicated and/or Fatigued at the Time of the Subject Accident* **(ECF No. 114)** is **GRANTED.**

_____
SENIOR UNITED STATES DISTRICT JUDGE