## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JUAN ANTONIO GUAJARDO LOPEZ,

       Plaintiff,

v.                                                                    No. 22cv36 JCH/SCY

HARPREET SINGH and EXCALIBUR
TRUCKING, LLC,

       Defendants.

## <u>ORDER DENYING NON-PARTY'S</u>
## <u>MOTION TO SEAL</u>

Arun Sukesan, who is not a party to this case, filed a motion requesting to remove or seal

a document on the Court's docket. Doc. 158. Mr. Sukesan requests to seal or remove the Court's

Memorandum Opinion and Order ruling on a motion in limine, Doc. 152, which he claims

reflects inaccurate allegations regarding his immigration status. Doc. 158 at 1. He argues that

these allegations need no longer be public record because the case has been resolved. Doc. 158 at

1.

When analyzing a motion to seal, a court begins with a "strong presumption in favor of

public access." *U.S. v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020). The party seeking to seal

"bears the burden of showing some significant interest that outweighs the presumption." *U.S. v.*

*Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (citation omitted). The court's decision is

"necessarily fact-bound," to be made "in light of the relevant facts and circumstances of the

particular case." *U.S. v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985). Although courts have

discretion in this matter, *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 599 (1978), the party

seeking to seal bears a "heavy burden," *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663

F.3d 1124, 1136 (10th Cir. 2011).

The fact that a Court opinion discusses allegations which are unproven, and the fact that the case was eventually dismissed, do not constitute grounds to seal. In fact, these circumstances are present in nearly all cases. Mr. Sukesan does not provide any other justification that satisfies his weighty burden in making such a request. Therefore, the Court denies it.

**IT IS THEREFORE ORDERED** that the Court DENIES Arun Sukesan's Motion to Seal. Doc. 158.

The Court further directs the Clerk's office to mail a copy of this Order to Mr. Sukesan.

UNITED STATES MAGISTRATE JUDGE